UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:18-cv-01552-CJC-MAA | Date: December 3, 2019 |
| Title: Rendon v. Frauenheim | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order to Show Cause Why the Petition Should Not Be Dismissed for Failure to Prosecute and Failure to Exhaust

The Court ordered Petitioner to file a motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), by no later than September 13, 2019. (ECF No. 20.) On September 23, 2019, Petitioner filed a late request for a 45-day extension of time in which to file a *Rhines* motion. The Court granted Petitioner's request and extended his deadline to October 28, 2019. (ECF No. 24.) The Court warned that no further extensions would be granted absent an extraordinary showing of good cause. (*Id.*)

The deadline passed over a month ago, and the Court has not received from Petitioner either a *Rhines* motion or a request for extension of time supported by an extraordinary showing of good cause. This is the fourth time Petitioner has failed to comply with deadlines in this case. (*See* ECF Nos. 11, 12, 23.) Given the delays in Petitioner's litigation of his petition, the case may be subject to involuntary dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (outlining factors to be considered in determining whether involuntary dismissal for failure to prosecute is appropriate).

Moreover, the operative Petition, which raises two grounds for habeas relief—(1) ineffective assistance of trial counsel and (2) sentencing error pursuant to California Penal Code section 667.6(d)—is subject to dismissal without prejudice because Petitioner's ineffective assistance of counsel claim was not presented to the California Supreme Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). (*See also* Petition at 6 (indicating the ineffective assistance claim was not raised in the California Supreme Court).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:18-cv-01552-CJC-MAA                                     Date: December 3, 2019

Title: Rendon v. Frauenheim

     Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend dismissal of the Petition without prejudice for failure to prosecute and for failure to exhaust his claims in state court. By no later than **January 2, 2020**, Petitioner must file one of the following:

     1.    <u>Notice of Dismissal</u>: If Petitioner is no longer interested in pursuing federal habeas relief, Petitioner may file a notice of voluntary dismissal of the case. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

     2.    <u>Notice of Withdrawal</u>: If Petitioner is no longer interested in pursuing federal habeas relief on the unexhausted ineffective assistance claim but wants to prosecute his exhausted resentencing claim, Petitioner may file a notice of withdrawal of his unexhausted claim. *See* Fed. R. Civ. P. 15(a). If Petitioner elects this option, the Court will order briefing on the merits of the resentencing claim.

     3.    <u>Motion to Stay</u>: If Petitioner still seeks a stay of this federal action in order to exhaust his unexhausted ineffective assistance claim in state court, Petitioner may file a motion to stay this federal proceeding.

     4.    <u>Written Response</u>: Else, Petitioner may respond in writing articulating why the Court should not recommend dismissal of the Petition without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust his claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).

     **Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for failure to exhaust his claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A).**

It is so ordered.

<u>Attachment</u>:
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))